UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| BHAGYALAXMI | ) | |
| HOSPITALITY, INC., | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |

Plaintiff SPENCER NEAL  Complains of Defendant BHAGYALAXMI HOSPITALITY, INC., and alleges as follows:

**INTRODUCTION:**

1.    This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

2.    Plaintiff SPENCER NEAL is a person with physical disabilities who, on or about March 29, 2023, through March 30, 2023, was an invitee, guest, patron, or customer at Defendant's property, which houses a BEST WESTERN hotel, located at 2902 E. Dupont Rd., Fort Wayne, IN 46825. At said time and place, Defendant failed to provide proper legal access to

COMPLAINT - 1

the property, which is a public accommodation and/or public facility. The denial of access was in violation of federal legal requirements, and NEAL suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.    **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4.    **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Fort Wayne, County of Allen, State of Indiana and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.    Plaintiff SPENCER NEAL  is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) NEAL  is a "person with physical disabilities," as defined by all applicable Indiana and United States laws. NEAL requires the use of a wheelchair to travel about in public. Consequently, NEAL is a member of that portion of the public whose rights are protected by federal civil rights law.

6.  Defendant BHAGYALAXMI HOSPITALITY, INC. an Indiana for-profit corporation, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a BEST WESTERN hotel, a public accommodation, located at/near 2902 E. Dupont

COMPLAINT - 2

Rd., Fort Wayne, IN 46825, and subject to the requirements of Indiana state law requiring full and equal access to public facilities pursuant to the Indiana Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject BEST WESTERN hotel as a public facility at/near 2902 E. Dupont Rd., Fort Wayne, IN 46825. The business, a BEST WESTERN hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of TITLE III.

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 2902 E. Dupont Rd., Fort Wayne, IN 46825. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201    General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its

COMPLAINT - 3

ownership connection to the property and business, nor their relative responsibilities in causing

the access violations herein complained of. Plaintiff is informed and believes that the Defendant

herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer,

employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity,

of each of the other defendants, if any, and was at all times acting and performing, or failing to

act or perform, within the course and scope of his, her or its authority as agent, ostensible agent,

master, servant, employer, employee, representative, franchiser, franchisee, partner, and

associate, or such similar capacity, and with the authorization, consent, permission or ratification

of each of the other defendants, and is responsible in some manner for the acts and omissions of

the other defendants in legally causing the violations and damages complained of herein, and

have approved or ratified each of the acts or omissions of each other defendant, as herein

described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or

leases to), or operates, a BEST WESTERN hotel, located at 2902 E. Dupont Rd., Fort Wayne, IN

46825. The BEST WESTERN hotel and each of its facilities are places "of public

accommodation" subject to the requirements of the Americans with Disability Act of 1990

("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* On information and belief, said facility

has undergone "alterations, structural repairs and additions," each of which has subjected the

BEST WESTERN hotel to handicapped access requirements.

11. Plaintiff SPENCER NEAL is a person with a disability. NEAL is a "physically

disabled person," as defined by all applicable United States laws. NEAL is paralyzed and

requires the use of a wheelchair for mobility and to travel in public.

COMPLAINT - 4

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the BEST WESTERN hotel as being handicapped accessible and handicapped usable.

13. On or about March 29, 2023, through March 30, 2023, NEAL was an invitee and guest at the subject BEST WESTERN hotel, arriving for purposes of obtaining lodging.

14.  Upon his arrival, during his patronizing of the public accommodation, and upon exit of the facility, NEAL personally encountered architectural barriers which denied him the  full and equal access to the property.

15. Therefore, at said time and place, NEAL, who is a person with disabilities, encountered numerous inaccessible elements of the subject BEST WESTERN hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by NEAL within the facility's (1) parking, (2) exterior accessible route, (3) passenger loading zone, (4) lobby and other entrances, (5) breakfast area, (6) fitness area, (7) pool area, (8) unisex public restroom, (9) guest room 119, (10) vending area, (11) business area, and the (12) pool unisex public restroom.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities, including all other mobility accessible guestrooms.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§

COMPLAINT - 5

12181 *et seq.*, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, NEAL was denied his civil rights to full and equal access to public facilities. NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

20. NEAL, as described herein below, seeks injunctive relief to require the BEST WESTERN hotel to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the BEST WESTERN hotel as a public facility.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

COMPLAINT - 6

22. Because of Defendant's violations, NEAL, and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act. Plaintiff seeks an order from this court compelling Defendant to make the BEST WESTERN hotel accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the BEST WESTERN hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

24. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the BEST WESTERN hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles

COMPLAINT - 7

and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

25. Plaintiff will return to the subject BEST WESTERN hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

26. Should the BEST WESTERN hotel become accessible, NEAL will visit it again because he will travel through Allen County, Indiana in Summer 2023.

27. Furthermore, plaintiff intends to return to the BEST WESTERN hotel as an ADA tester on an annual basis beginning in 2024, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

## I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

28. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 27 of this complaint.

29. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a

COMPLAINT - 8

serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33.   Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

30. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
. . .
(A) an inn, hotel, motel, or other place of lodging ***;

42  U.S.C. §12181(7)(A).

31. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person

COMPLAINT - 9

1  who owns, leases, or leases to, or operates a place of public accommodation."

2      32. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

3  42 U.S.C. §12182(b)(2)(a) are:

4

5          (i) the imposition or application of eligibility criteria
           that screen out or tend to screen out an individual with a disability

6          or any class of individuals with disabilities from fully and equally
           enjoying any goods, services, facilities, privileges, advantages, or

7          accommodations, unless such criteria can be shown to be
           necessary for the provision of the goods, services, facilities,

8          privileges, advantages, or accommodations being offered;

9

10         (ii) a failure to make reasonable modifications in
           policies, practices, or procedures, when such modifications are
           necessary to afford such goods, services, facilities, privileges,

11         advantages or accommodations to individuals with disabilities,
           unless the entity can demonstrate that making such modifications

12         would fundamentally alter the nature of such goods, services,

13         facilities, privileges, advantages, or accommodations;

14

15         (iii) a failure to take such steps as may be necessary to
           ensure that no individual with a disability is excluded, denied
           services, segregated or otherwise treated differently than other

16         individuals because of the absence of auxiliary aids and services,
           unless the entity can demonstrate that taking such steps would

17         fundamentally alter the nature of the good, service, facility,
           privilege, advantage, or accommodation being offered or would

18         result in an undue burden;

19

20         (iv) a failure to remove architectural barriers, and
           communication barriers that are structural in nature, in existing

21         facilities . . . where such removal is readily achievable; and

22         (v) where an entity can demonstrate that the removal of
           a barrier under clause (iv) is not readily achievable, a failure to

23         make such goods, services, facilities, privileges, advantages or
           accommodations available through alternative methods if such

24         methods are readily achievable.

25      37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the

26
27  ADA, 42. U.S.C. §§ 12181 *et seq.*, and Indiana civil rights law, In. Code § 22-9-1, *et seq.*,

28  making available damage remedies.
COMPLAINT - 10

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject BEST WESTERN hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject BEST WESTERN hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on

COMPLAINT - 11

the basis of disability in violation of this title or has reasonable grounds for believing that he

is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make

use of the public facilities complained of herein so long as the premises and Defendant's policies

bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

with a disability to engage in a futile gesture if such person has actual notice that a person or

organization covered by this title does not intend to comply with its provisions." Pursuant to this

last section, plaintiff has not returned to Defendant's premises since on or about March 29, 2023,

through March 30, 2023, but alleges that Defendant has continued to violate the law and deny the

rights of plaintiff and of other persons with physical disabilities to access this public

accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

injunctive relief shall include an order to alter facilities to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

deemed to be the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff SPENCER NEAL  prays that this court grant relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
         PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
         DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

COMPLAINT - 12

1.    For injunctive relief, compelling Defendant to make the BEST WESTERN hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

Respectfully submitted,

THE MEEKER GROUP, LLC

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
2991 Millboro Road, Suite 101
Silver Lake, OH 44224
Telephone: (330) 603-7173
TheMeekerGroup@outlook.com

Attorney for Plaintiff SPENCER NEAL

COMPLAINT - 13